*1152 OPINION.
Smith:
Section 234(a) (1) of the Revenue Acts of 1918 and 1921 permit's a corporation to deduct from gross income “All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered * * The amounts claimed as.deductions on the petitioner’s returns for the tax years involved were $6,000 in excess of the amount shown on the petitioner’s books as salaries paid to officers. Presumably, this represented the $6,000 paid to Robert Herbst, the youngest son of Emma K. Herbst. The petitioner concedes that the salary of $6,000 a year paid to Robert Herbst is excessive but claims that the services were reasonably worth $1,500 to $1,800 a year. The respondent has disallowed the deduction of $20,125 paid as salaries for the fiscal year ended June 30, 1920, and $20,400 of those paid for the fiscal year ended June 30, 1921. The payment of these salaries took most of the profits of the business. The evidence indicates that the surplus actually decreased from $207,378.69 at June 30, 1920, to $175,679.99. This means that although there was an investment of more than $250,000 in the business there was practically no return left on such investment after the payment of the salaries. In other words, the profits of the *1153 business were taken as salaries. In response to a question as to why the salaries of J. Crone Herbst and Emma K. Herbst were increased in 1920, the former testified “ he felt that the business warranted it.” In response to a question as to why they were reduced in 1922, he stated “ because we did not feel that the business would warrant it.” Although the amount paid to Robert Herbst in the taxable years was claimed as a deduction from gross income, the petitioner admits that the amount claimed is excessive and it was testified that the amount was paid to Robert in order that he might become interested in the business.
The evidence shows that the amounts paid to the stockholder officers in excess of the amounts allowed as deductions from gross income by the respondent were not reasonable allowances for salaries or other compensation for personal services rendered. Upon the record the disallowances are affirmed.

Judgment will be entered for the respondent.

Considered by Littleton.